**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-02763-MRA-AJR              Date: April 9, 2025
                                               Page 1 of 3

Title:      Jacob Godoy v. Honorable Judge of CA Federal Court

---

DOCKET ENTRY:  **ORDER TO SHOW CAUSE RE JURISDICTION**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On March 27, 2025, *pro se* Petitioner Jacob Godoy ("Petitioner"), filed a pleading entitled "Twelve Year Good Time Confidential Request of Demand" (the "Petition"). (See Dkt. 1.) Petitioner explains that he is a state prisoner and that he seeks in part, a "post-conviction justice team" so that he "may be released." (Id. at 1, 6.) Further, Petitioner seeks an order from a federal court granting him "good time credit applicable." (Id. at 6.) Specifically, Petitioner requests "[twelve] years of good time credit." (Id.) Accordingly, Petitioner appears to seek habeas relief pursuant to 28 U.S.C. § 2254.[1]

---

[1] See White v. Lambert, 370 F.3d 1002, 1009–10 (9th Cir. 2004) ("28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction."), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018) ("Section 2254,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     2:25-cv-02763-MRA-AJR                     Date: April 9, 2025
                                                       Page 2 of 3

Title:     Jacob Godoy v. Honorable Judge of CA Federal Court

Petitioner names "Honorable Judge of CA Federal Court" as the Respondent, but also seems to allege claims against Attorney Melissa Weinberger. (Id. at 1-2.)[2]

"A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994); see 28 U.S.C. foll. § 2254 Rule 2(a). Where, as here, Petitioner is confined in an institutional facility, the warden or supervisor of the institutional facility is the state officer having custody of Petitioner. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); accord Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Stanley, 21 F.3d at 360. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley, 21 F.3d at 360; accord Smith v. Idaho, 392 F.3d 350, 352-55 (9th Cir. 2004).

While the Court need not consider the issue of personal jurisdiction *sua sponte*, the Court must consider "whether the named respondent has power to provide the desired relief." Smith, 392 F.3d at 355 n. 3. If the named respondent lacks the power to provide the desired relief, "the court may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief." Id. Here, Petitioner names an "Honorable Judge of CA Federal Court" but also alleges claims against Attorney Melissa Weinberger. (Dkt. 1 at 1-2.) Neither entity appears to be Petitioner's custodian, and thus it is unclear how either could grant Petitioner the relief he seeks.

---

therefore, applies not only to challenges to a conviction or sentence but also to challenges to the execution of a custodial sentence." (internal quotation marks omitted)).

[2] It is possible that Petitioner may seek to bring a civil rights claim against attorney Melissa Weinberger pursuant to 42 U.S.C. § 1983. (See Dkt. 1 at 5 (Plaintiff alleges violations of his constitutional rights and appears to request an order that would result in Attorney Melissa Weinberger "release[ing] accurate information.")) Such a claim would be subject to dismissal for failing to allege that the constitutional violation was "committed by a person acting under color of state law." Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149 (9th Cir. 2011); see also Soo Park v. Thompson, 851 F.3d 910, 921 (9th Cir. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-02763-MRA-AJR                                Date: April 9, 2025
                                                                 Page 3 of 3

Title:    Jacob Godoy v. Honorable Judge of CA Federal Court


Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed for failure to name a respondent who can grant the desired relief. Alternatively, the Court will grant Petitioner the opportunity to cure this defect by amending the Petition to name a proper respondent, such as the warden of his facility. **By April 30, 2025, Petitioner shall file a response stating any reason why this Court has habeas jurisdiction based on the current Petition, or in the alternative, Petitioner may file an amended petition naming a proper respondent such as the warden of the facility where he is incarcerated. If Petitioner does not want to challenge the execution of his sentence and instead wants to file a civil rights action against attorney Melissa Weinberger, Petitioner may use the attached CV-66 form civil rights complaint attached to this Order. Petitioner must file any civil rights complaint by April 30, 2025.**

If Petitioner fails to timely respond to this Order, this action may be dismissed for failure to obey court orders and/or failure to prosecute. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for convenience.

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
CV-66, United States District Court, Central District of California Civil Rights Complaint.